```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EDDIE WILLIAMS, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 06-3705 (JBS) |
| v. | |
| GEORGE W. HAYMAN, et al., | **OPINION** |
| Defendants. | |

**APPEARANCES:**

Eddie Williams
540122 / 264403C
Northern State Prison
C-1-W / Cell #101
168 Frontage Road
Newark, NJ 07114-2300
    Plaintiff pro se

Sarah Brie Campbell, Esq.
OFFICE OF THE NJ ATTORNEY GENERAL
DEPARTMENT OF LAW & PUBLIC SAFETY
RJ Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625
    Attorney for Defendants George W. Hayman, Joseph D'Amico,
    Kathryn MacFarland, Amadou Jalloh, Linda Everett, Officer
    Prianccini, Linda Solanik, Cheryl Bard, and Banks

**SIMANDLE, District Judge:**

    Where an unrepresented Plaintiff in a civil suit is indigent, and where good cause exists for the appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1), the District Court has the discretion and authority to appoint pro bono counsel even in the absence of a specific motion to do so, pursuant to Tabron v. Grace, 6 F. 3d 147, 156 (3d Cir. 1993).  This case presents

circumstances for the Court, *sua sponte*, to appoint counsel for Plaintiff, for the following reasons.

This matter comes before the Court on its own motion, pursuant to 28 U.S.C. § 1915(e)(1).  Plaintiff Eddie Williams is representing himself in this civil action.  He appears to be alleging that he is deaf and communicates using American Sign Language, but that the prison in which he was incarcerated, South Woods State Prison in Bridgeton, New Jersey, failed to provide him with access to its services and programs by denying him reasonable accommodations, including interpreter services and a TTY, in violation of the Americans with Disabilities Act. Plaintiff also appears to be alleging that such failures have deprived him of medical care, which, if sufficiently serious, would also violate the Eighth Amendment.

As Plaintiff indicated in his first motion for pro bono counsel [Docket Item 4], his language barrier makes it difficult for him to communicate with the Court; Plaintiff has limited English reading and writing skills, which impair his ability to understand written opinions, orders and correspondence from the Court and to effectively represent himself in this action.

The Court may, pursuant to 28 U.S.C. § 1915(e)(1), request an attorney to represent an indigent plaintiff in a civil action. "The court may request an attorney to represent any person unable to afford counsel."  Id.; see also L. Civ. R., App. H.  This Court determined that Plaintiff was indigent when it granted his

request for *in forma pauperis* status on August 16, 2006 [Docket Item 2]. At that time, the Court also screened the Complaint and found that *sua sponte* dismissal was not warranted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because it did not appear that the case was frivolous, malicious, sought damages from an immune party or failed to state a claim.

Plaintiff then applied for pro bono counsel on August 31, 2006 [Docket Item 4]. That request was denied on September 8, 2006 [Docket Item 5] as premature because Defendants had not yet answered the Complaint.[1]

The denial of appointment of pro bono counsel as premature can cause significant confusion and delay that are further exacerbated in cases, like this one, in which defendants seek extensions of time to answer but ultimately decide to file motions to dismiss. *Pro se* plaintiffs typically fail to reapply for pro bono counsel at that stage, when such application might no longer be deemed "premature." Perhaps *pro se* plaintiffs forget that they were not simply denied pro bono counsel, but

---

[1] This approach appears to be the general practice in this District and is generally reasonable, but it is also the practice for the Clerk of this Court to inform indigent civil litigants of their opportunity to request pro bono representation, consistent with 28 U.S.C. 1915(e)(1), immediately after the Court grants their *in forma pauperis* status. Thus, *pro se* litigants normally receive such instructions at an early date and then routinely expend effort to request counsel that this Court may nonetheless deny as premature. "Although approximately 1,000 pro se cases are filed each year in [the District of] New Jersey, the court appoints counsel in only about 10% of those cases." Pro Bono Representation: A Primer, http://www.njd.uscourts.gov/atty/probono-primer.pdf.

that they were told to reapply later; perhaps the directive to wait until there is an "Answer" does not sufficiently apprise lay people of the functional equivalence of a motion to dismiss; or perhaps such plaintiffs are focused on the motions to dismiss at hand and, not wanting to risk termination of their cases, make rational decisions to concentrate their efforts, as best they can, on those motions to dismiss rather than on renewed requests for counsel.

In this case, the defendants received multiple extensions of time to answer, from this Court and the Magistrate Judge, and finally filed a motion to dismiss on January 29, 2007, more than five months after the Complaint was filed.  While the extensions in this case prolonged the interval between the initial request for pro bono counsel and that motion to dismiss, the procedure generally has an unintended consequence: *pro se* Plaintiffs denied pro bono counsel as premature fail to reapply for such counsel after a motion to dismiss has been filed.

In denying Plaintiff's motion for pro bono counsel in this case, the Magistrate Judge cited the Tabron factors courts in this Circuit typically use to determine whether to grant such motions.  See Tabron, 6 F.3d 147.  That Order stated:

> [A]lthough Plaintiff may renew his
> application for the appointment of counsel
> once Defendants have answered the complaint,
> Plaintiff must supply more information than
> that contained within the present
> application.

> Specifically, Plaintiff must supply: [(i)] a
> detailed explanation of Plaintiff's claims
> against Defendants, including facts and a
> legal basis upon which those contentions are
> based; (ii) specific reasons why Plaintiff is
> unable to present an effective case without
> an attorney; and (iii) what investigation
> Plaintiff believes he will be unable to
> accomplish to prepare his claims.

<u>Williams v. Hayman</u>, No. 06-3705 (D.N.J. Sept. 8, 2006)(order denying motion for pro bono counsel).

Although Plaintiff has not appealed the Magistrate Judge's denial or submitted a new application for pro bono counsel, this Court finds, *sua sponte*, that such consideration is no longer premature and that the interests of justice require the appointment of counsel to assist Mr. Williams in the prosecution of this case.  See <u>Tabron</u>, 6 F.3d at 156 ("we emphasize that appointment of counsel under § 1915[(e)] may be made at any point in the litigation and may be made by the district court *sua sponte*").  Two factors influence this Court's decision to grant counsel without a new motion from Plaintiff.  First, in a letter he wrote to Chambers [Docket Item 28], which exemplifies Plaintiff's limited ability to communicate in writing, Plaintiff reiterated his difficulty presenting legal arguments.  This letter could be interpreted as his attempt to renew his request for pro bono counsel.  Second, and more importantly, Plaintiff's submissions to date indicate that it is unrealistic to expect  - and would be unfair to require - Plaintiff to articulate in written English the legal bases for his claims, more specific

reasons why he needs an attorney, or an explanation of what investigation such attorney might help him conduct, as the Court might normally require in a renewed request for pro bono counsel.

28 U.S.C. § 1915(e) "gives district courts broad discretion to request an attorney to represent an indigent civil litigant." Tabron, 6 F.3d at 153.  The Court shall, consistent with the case law in this Circuit, exercise its discretion to request pro bono counsel for Plaintiff.  The Court notes also that "[i]f it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel. . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." Id. at 156 (citations omitted).  It is clear that Plaintiff is indigent and that he is unable to represent himself.  Taking his allegations as true, Plaintiff may have meritorious claims.  See Penn. Dep't of Corr. v. Yeskey, 524 U.S. 206 (1998) (Title II of Americans with Disabilities Act applies to state prisons); United States v. Georgia, 546 U.S. 151 (2006) (permitting damages actions under Title II against state prisons when violations also constitute 14th Amendment violations).[2]

---

[2] The Court notes, also, that this case may require adjudication of an unsettled issue in this Circuit's jurisprudence: whether damages actions against state prisons under Title II of the Americans with Disabilities Act are constitutionally permissible when the alleged violations of Title II do not also constitute violations of the Fourteenth Amendment. See Bowers v. NCAA, 475 F.3d 524, 554-556 (3d Cir. 2007) (explaining process for determining whether Title II's abrogation of immunity is congruent and proportional in relevant public

Furthermore, in determining whether a case has arguable merit, a judicial officer need not wait until a motion to dismiss is pending; indeed, when motions to dismiss are filed, *pro se* plaintiffs will be compelled to timely respond, L. Civ. R. 7.1(d)(2), and may not be able to do so without already having assistance of appointed counsel.

Turning then to the Tabron factors, the Court finds that Plaintiff has a limited ability to present his case on his own; the legal issues are quite complex; factual investigation will be necessary; Plaintiff's ability to pursue such investigation is impaired by his continued incarceration and limited resources; and Plaintiff cannot afford counsel on his own behalf. See Tabron, 6 F.3d at 156-57.  On the other hand, it is not yet known whether the case is likely to turn on credibility determinations. Id.  Nevertheless, these factors heavily weigh in favor of appointment of counsel.  Furthermore, this Court has already screened this case and determined that it may have merit.  For all these reasons, the Court shall enter an appropriate Order requesting the appointment of pro bono counsel to represent Plaintiff and dismissing the pending motion to dismiss, without

---

service when conduct at issue does not violate Fourteenth Amendment).  The federal courts cannot resolve this issue, which the Supreme Court left undecided in Georgia, without effective advocacy from both parties to the adversarial process.  See United States v. Georgia, 546 U.S. 151, 160-63 (2006) (Stevens, J. concurring) (implying that abrogation of state prison immunity is constitutional by comparing history of prison disability discrimination to court system discrimination held actionable for damages in Tennessee v. Lane, 541 U.S. 509 (2004)).

prejudice, to be reinstated at the request of Defendants once counsel has been appointed.

**June 11, 2007**                                     **s/ Jerome B. Simandle**
Date                                                   Jerome B. Simandle
                                                       U.S. District Judge